| | |
|---|---|
| 1 | **WO** RP |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Michael Aaron Cypert, | ) | No. CV 10-1076-PHX-GMS (JRI) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Charles L. Ryan, et al., | ) | |
| Defendants. | ) | |

Plaintiff Michael Aaron Cypert, who is confined in the Arizona State Prison Complex-Eyman (ASPC-Eyman), has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1), an Application to Proceed *In Forma Pauperis* (Doc. #3), and a "Certified Statement Of Account" (Doc. #4). The Court will order Defendants Ryan, Cluff, and Sturm to answer Count I of the Complaint and will dismiss Count II and Defendant Sambora for failure to state a claim upon which relief may be granted.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $25.64. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according

**TERMPSREF**

to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

## III. Complaint

Named as Defendants in the Complaint are: (1) Charles L. Ryan, Director of the Arizona Department of Corrections (ADOC); (2) Ralph Cluff, Deputy Warden, ASPC-Eyman; (3) Sambora, CO III, Case Manager, ASPC-Eyman; and (4) Sturm, Sergeant, Property Officer, ASPC-Eyman.

TERMPSREF

- 2 -

Plaintiff alleges two grounds for relief in the Complaint. In Count One, Plaintiff claims that his First Amendment rights were violated. In Count Two, Plaintiff alleges that his Eighth Amendment rights were violated.

Plaintiff seeks basic necessities to clean his housing area and to be given his religious materials and property.

**IV. Discussion**

    **A. Count One**

In Count One, Plaintiff claims that his First Amendment right to have religious materials was violated when Defendants Deputy Warden Ralph Cluff and Sergeant Sturm refused to let Plaintiff have his "Jewish religious books," and when Defendant Director Charles Ryan "refused to help and to answer appeals." Plaintiff alleges that his religious books do not violate ADOC policy.

Liberally construed, Plaintiff has stated a First Amendment claim in Count I. Accordingly, the Court will required Defendants Cluff, Sturm, and Ryan to answer Count I.

    **B. Count Two**

In Count Two, Plaintiff claims that his Eighth Amendment right to live in a safe, clean housing location was violated when Defendants CO III Sambora and Deputy Warden Ralph Cluff refused to provide Plaintiff with the "needed basic necessities to keep [his] housing area clean," and when Defendant Director Charles Ryan knew about this and "refused to answer all appeals."

A conditions-of-confinement claim arises under the Eighth Amendment and requires proof that the defendant acted with deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 833-34 (1994). To state a claim of deliberate indifference, prisoners must meet a two-part test. First, the alleged constitutional deprivation must be, objectively, "sufficiently serious"; the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." Id. at 834. These are "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." Rhodes v. Chapman, 452 U.S. 337, 348 (1981). To determine whether a violation has occurred, a Court

1 | should consider the circumstances, nature and duration of a deprivation of these necessities. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). "The more basic the particular need, the shorter the time it can be withheld." Hoptowit v. Ray, 682 F.2d 1237, 1259 (9th Cir. 1982).

Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety. Farmer, 511 U.S. at 834. In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837 (emphasis added).

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. Id. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." Clement v. California Dep't of Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002).

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id.

Plaintiff's vague and conclusory allegations against Defendants Sambora, Cluff, and Ryan in Count II do not rise to the level of constitutional violations. Moreover, Plaintiff does not allege that these Defendants acted with deliberate indifference. Accordingly, the Court will dismiss Count II for failure to state a claim upon which relief may be granted.

**V.   Dismissal of Defendant Sambora**

Because no claims remain against him, Defendant Sambora will be dismissed from this action for failure to state a claim upon which relief may be granted.

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $25.64.

(3) Defendant Sambora is **dismissed from this action** for failure to state a claim upon which relief may be granted.

(4) Count II of the Complaint (Doc. #1) is **dismissed** for failure to state a claim upon which relief may be granted.

(5) Defendants Charles L. Ryan, Ralph Cluff, and Sturm **must answer** Count I of the Complaint (Doc. #1).

(6) The Clerk of Court **must send** to Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendants Charles L. Ryan, Ralph Cluff, and Sturm.

(7) Plaintiff **must complete and return** the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(8) **If** Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(9) The United States Marshal **must retain** the Summons, a copy of the Complaint, and a copy of this Order for future use.

(10) The United States Marshal **must notify** Defendants Charles L. Ryan, Ralph Cluff, and Sturm of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the

| | |
|---|---|
| 1 | summons and of the costs subsequently incurred in effecting service upon Defendant. |
| 2 | The costs of service must be enumerated on the return of service form (USM-285) and |
| 3 | must include the costs incurred by the Marshal for photocopying additional copies of |
| 4 | the Summons, Complaint, or this Order and for preparing new process receipt and |
| 5 | return forms (USM-285), if required. Costs of service will be taxed against the |
| 6 | personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil |
| 7 | Procedure, unless otherwise ordered by the Court. |

(11) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(12) Defendants Charles L. Ryan, Ralph Cluff, and Sturm **must answer** Count I of the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(13) Any answer or response **must state** the specific Defendant(s) by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed.

(14) This matter is **referred** to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 18th day of June, 2010.

*G. Murray Snow*
G. Murray Snow
United States District Judge